UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| GRAND MAX MARINE LIMITED, | ) | Civil Action No. 2:06-1866-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| MISR EDCO SHIPPING CO. S.A.E., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER GRANTING INTERLOCUTORY SALE
### PURSUANT TO SUPPLEMENTAL RULE E(9)

The Motor Vessel EDCO (hereinafter "the vessel") was attached pursuant to Rule

B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the Order of

this Court dated June 23, 2006. Having noted Plaintiff Grand Max Marine, Ltd's Motion for

Interlocutory Sale, and after hearing argument from all counsel of record, the Court hereby

finds that the conditions for Interlocutory Sale stated in Supplemental Rule E(9) are present

in this matter, namely that the vessel is subject to decay, deterioration, destruction, or injury

while under attachment, an unreasonable amount of time has passed without the vessel's

owner having posted security, the expenses and conditions of maintaining the vessel under

attachment are excessive and disproportionate, and no person or entity having sought release

of the Vessel pending the action pursuant to the procedures set forth in Supplemental

Admiralty Rule E(5); and the Court, having considered all the pleadings herein and the

documents submitted in this matter, and good cause appearing therefore, it is hereby

1

ORDERED that, pursuant to Supplemental Admiralty Rule E(9) (b), the EDCO, IMO number 7825526, her engines, tackle, apparel, gear, electronics and other appurtenances to said Vessel appertaining or belonging, whether on board or not, and all additions, improvements, renewals, and replacements made to said Vessel, and all other necessaries thereunto appertaining and belonging (collectively referred to as the "Vessel"), shall be sold at public auction by the United States Marshal for the District of South Carolina as is, where is, free and clear of any claims, liens, maritime liens, rights in rem, rights of redemption, or encumbrances whatsoever, pursuant to the notice as below further described; and it is further

ORDERED that, the Plaintiff be directed to give public notice of public sale by advertising same in the *Post & Courier* for a total of fourteen (14) consecutive days prior to the date of sale, Saturdays, Sundays, and legal holidays excluded; and it is further

ORDERED that, the Clerk of the Court is directed to issue a Writ of Venditioni Exponas to the Marshal for the District of South Carolina for the public sale of said vessel, such sale to be conducted in accordance with Supplemental Rule E(9), the provisions of this Order, and the rules of this Court;

ORDERED that Plaintiff, Grand Max Marine Limited, is authorized, but not required, to supplement the foregoing Vessel sale advertisements by placing its own advertisements; and it is further

ORDERED that, all charges incurred by the Marshal and by Plaintiff Grand Max Marine, Limited for the advertisement of sale shall be expenses of sale and administrative costs herein; and it is further

ORDERED that, the form of Notice of Sale of the Vessel attached hereto as Exhibit A, be and hereby is approved; and it is further

ORDERED that, the Marshal and Substitute Custodian shall, upon reasonable notice and after the signing of a hold harmless agreement in favor of the Marshal and Substitute Custodian, allow prospective purchasers of the Vessel to board the Vessel at their own risk for purposes of reasonable inspection thereof; and its is further

ORDERED that, the sale shall be conducted before the Marshal on September 21, 2006, commencing at 10:00 a.m., and it is further

ORDERED that the sale of the Vessel shall be conducted in the following manner:

(a) Sale shall be to the highest and best bidder;

(b) All bidders shall register with the Marshal before the sale;

(c) Prospective bidders are to be informed at the beginning of the sale that only valid bids may be made, and that anyone bidding without the ability to meet the requirements of this Order or any applicable statute, or who disrupts the sale, will be considered to be in violation of an Order of the Court, and will be subject to appropriate sanctions, including, but not limited to, the costs of the sale, any resale, and any additional custodia legis administrative expenses incurred as a result of said actions;

(d)  Subject to the provisions of Paragraph (e) below, the highest and best bidder at the sale shall be required to deliver to the Marshal at the time of said sale, by cash (United States  currency), certified check or cashier's check issued by a member bank of the Federal Reserve System, a deposit amounting to at least 10% (ten percent) of the successful amount of the bid on the Vessel, the balance to be paid in cash (United States currency), certified

check or cashier's check issued by a member bank of the Federal Reserve System to the Marshal within three (3) days thereafter, Saturdays, Sundays, and legal holidays excluded;

(e) Notwithstanding any of the foregoing provisions of Paragraph (d) above, or any other paragraph of this Order, Plaintiff may credit bid at said sale on the Vessel up to the maximum of $2,000,000.00, without being required to deliver any earnest money to the Marshal, said bid being deemed paid in full, for purposes of confirmation of the sale herein, upon the filing of a special bond or surety acceptable to the court or with consent of counsel for the Defendant, in the amount of the bid, within three days of the sale; and it is further

ORDERED that, said sale shall be subject to confirmation of the Court only in the event that written objections are properly and timely filed in accordance with the following provisions set out below. If no such objections are filed, the sale of the Vessel shall be confirmed without necessity of a hearing or further order by this Court; and it is further

ORDERED that, if no such objections to sale are filed by the close of business on the third business day following said sale, the Clerk shall issue an order of such confirmation immediately upon ex parte application by the purchaser or any person or party representing the purchaser and shall note all persons or entities who have not filed claims in this matter to be in default; and it is further

ORDERED that any party filing an opposition to the sale of the Vessel shall give immediate notice to all other parties and to the highest bidder and, also, secure the Marshal's endorsement upon said opposition documents acknowledging deposit with the Marshal of a cash bond, approved surety, or letter of undertaking satisfactory to the Court (or with consent of the parties), for the necessary expenses of keeping the Vessel for at least twenty

4

(20) days and, further, shall also advance any further expenses at such times and in such amounts as the marshal shall request or as the Court orders upon application of the Marshal or one or more of the parties; and it is further

ORDERED that, if an objection to sale is filed in accordance with the above requirements, or if the successful bidder at such sale is in default, the Marshal, the objector, the bidder, or a party may move the Court for relief, which motion for relief shall be heard within ten (10) days of filing upon written notice to the Marshal, the highest bidder, and all parties; and it is further

ORDERED that, upon the motion as aforesaid, the Court may confirm such sale, order a new sale, or grant such other relief as justice may require; and it is further

ORDERED that, if the Court denies the aforesaid motion said party opposing the confirmation of the sale shall be responsible for payment of the necessary expenses of keeping the vessel from the date of the filing of the opposition until the date of the confirmation of the original sale and said expenses shall not be recoverable as an administrative cost; and it is further

ORDERED that, if the Court grants the motion opposing the confirmation of the sale, all monies deposited as necessary expenses of keeping the Vessel by said party opposing the confirmation shall be recoverable as an administrative cost, and it is further,

ORDERED that, if a party other than the Plaintiff is the successful bidder on the Vessel, the proceeds of sale deposited into the Registry of this Court shall be promptly invested by the Clerk of Court in accordance with the standard practices of the Clerk of the Court, with bank of the Clerk's choice, such fund to be invested and to be held and from time

5

to time similarly reinvested as necessary pending further Order of this Court authorizing distribution thereof; and it is further

ORDERED that, the Marshal is hereby authorized to require advances to the extent deemed necessary by the Marshal to cover any costs and expenses directly required in connection with the sale of the Vessel's said costs and expenses to constitute administrative costs; and it is further

ORDERED that all custodial expenses of the Defendant Vessel incurred by or on behalf of the Marshal subsequent to the arrest of the Vessel, including custodial expenses incurred by the Plaintiff and/or substitute custodian, shall be deemed to be administrative expenses of the Marshal and shall be promptly reimbursed from the proceeds of the sale, upon Court approval; and it is further

**ORDERED** that Defendants may avoid the sale of the vessel by posting bond or other acceptable security prior to 9:00 a.m. on September 21, 2006.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 25, 2006**
**Charleston, South Carolina**