**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Grand Max Marine Limited, ) | Civil Action No. 2:06-1866-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Misr Eco Shipping Co SAE, ) | |
| ) | |
| Defendant. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| South Carolina State Ports Authority, ) | |
| ) | |
| Intervening Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| Misr Edco Shipping Co. SAE and ) | |
| Grand Max Marine Limited, ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

This action was originally filed by the Plaintiff Grand Max Marine Limited on June 23, 2006, asserting maritime causes of action against Misr Eco Shipping Co SAE. On July 22, 2008, a consent motion was filed seeking a final disbursement of funds being held in the Court Registry. A consent order for final disbursement of funds was then entered on July 23, 2008 by the Honorable David C. Norton, United States District Judge. Upon the filing of this Order, the case was terminated and closed by the Clerk.

1



However, on November 6, 2009, intervening Plaintiff South Carolina State Ports Authority filed a motion to reopen the action, noting that the closing of the file appears to have been a clerical error by the Clerk's Office, and asserting that the Ports Authority's claim against Grand Max Marine Limited as set forth in its intervening complaint has never been heard or decided by the Court. Grand Max filed a memorandum in opposition to the Ports Authority's motion, to which the Ports Authority filed a reply memorandum.

The matter was referred to the undersigned for disposition, and a hearing was held on February 9, 2010. After reviewing the briefs and hearing oral argument from counsel, the undersigned finds and concludes that the motion to reopen should be granted. First, it is readily apparent that the consent motion for final disbursement of funds related only to that issue, as it specifically provided that the distribution was "for the mutual convenience of the parties, and [was] entirely without prejudice to their respective rights in this or any other matter." The Order for final disbursement of funds tracked this same language. Further, that the case was then closed by the Clerk was unknown to the intervening Plaintiff, as it is reflected in a "Court only" docket entry, and there is no indication that the intervening Plaintiff thereafter failed to timely file its motion to re-open after learning of the case's closure.

Finally, the arguments offered against the motion by Grand Max go more to the merits of the Ports Authority's underlying claim and to whether they should even be considered a proper intervening Plaintiff. While these may or may not be valid arguments/defenses to the intervening Plaintiff's complaint, in order for these defenses to be properly briefed and considered by the Court, the case would necessarily need to be reopened for this purpose. The proper time to argue whether or not the Ports Authority has a remedy remaining in this case is after the case has been reopened.

2



Counsel were advised at the hearing of the undersigned's opinion, but that since this was a dispositive issue, a Report and Recommendation rather than an order would be issued. Since the hearing, the Court has now been advised by counsel for Grand Max that they no longer object to the granting of the motion. Therefore, it is recommended that the motion to reopen be granted.

_____
Bristow Marchant
United States Magistrate Judge

February 11, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

